Mr. Lee Silas c/o Joe Childers, Assistant City Attorney 200 E. 8th Ave., Suite 203 Pine Bluff, AR 71601
Dear Mr. Silas:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
It is my understanding that a request has been presented to the City of Pine Bluff for certain records contained in an internal affairs investigative file. The complete investigative case file has been requested. You have provided me with a copy of that file. It contains the following records:
• The complaint
• Statements taken from all parties involved and other officers
• Summaries
• Conclusions
• Discipline recommended
• Supporting documentation
• A transcript of a taped conversation
The above-listed records are all related to a situation involving three police officers employed by the City of Pine Bluff, all of whom were suspended as a result of the internal investigation. The records either contain the names of these (and other) officers, or are directly related to the situation involving these three officers. All three officers have appealed their suspensions. One of these three officers, who was one of the targets of the investigation, has requested the records. The custodian has determined that the records should be released to this officer.
I am directed by law to issue an opinion as to whether the determination of the custodian of the records regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
It is my opinion, as explained more fully below, that the custodian's decision that these records should be released to the requesting officer is consistent with the FOIA.[1]
With some minor exceptions,[2] the majority of the records that have been requested constitute either the "personnel records" or the "employee evaluation/job performance records" of the officer who was the primary subject of the investigation. I have previously taken the position that records that are part of an investigation of a particular individual constitute the personnel records or the employee evaluation/job performance records of that individual.[3] See Op. Att'y Gen. No.2000-058. Although these two types of records are subject to different standards of releasability to the public, see A.C.A. § 25-19-105, both types must be made available to the person who is the subject of the records. Under the FOIA, a person about whom personnel records and employee evaluation/job performance records are maintained is entitled to have access to those records, even if the records would be exempt from disclosure to the public. The pertinent provision of the FOIA states:
 (2) Any personnel or evaluation records exempt from disclosure under this chapter shall nonetheless be made available to the person about whom the records are maintained or to that person's designated representative.
A.C.A. § 25-19-105(c)(2).
In the situation about which you have inquired, the officer who requested the investigation file was the primary subject of the investigation. Accordingly, most of the records in that file constitute that officer's personnel records or that officer's employee evaluation/job performance records. That officer is therefore entitled to have access to those records, under the provisions of A.C.A. § 25-19-105(c)(2).
For these reasons, I conclude that the custodian's decision to release the requested records to the officer who requested them is consistent with the FOIA.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] You have not asked about the releasability of these records to the public. However, the custodian of the records has presented this question. For a discussion of that issue, see Op. Att'y Gen. No.2000-203. As noted therein, it is my opinion that some of the requested records should not be released at this time to any member of the public, but that others can be released to the public.
[2] Some of the records relating to work schedules and to promotion policies constitute "public records" within the FOIA's meaning of that term, see A.C.A. § 25-19-103(1), and are not exempt from disclosure to the public.
[3] Some records that are used in an internal investigation may not specifically concern the individual who is being investigated. An example of such records would be those referenced in Footnote 2. These records would constitute "public records" and are not exempt from disclosure.